This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Brian Thompson v. William M. Gardner, Joyce G. Gardner, Maintech, Incorporated

| Case Number | 49D03-2208-CT-027008 |
| --- | --- |
| Court | Marion Superior Court 3 |
| Type | CT - Civil Tort |
| Filed | 08/10/2022 |
| Status | 08/10/2022 , Pending  (active) |

## Parties to the Case

Defendant  Gardner, William M.

Address
681 Vernon Street
Oakland, CA 94610

Attorney
Aaron Michael Freeman
*#2488949, Retained*

8925 Southeastern AVE
Indianapolis, IN 46239
317-862-7010(W)

Defendant  Gardner, Joyce G.

Address
681 Vernon Street
Oakland, CA 94610

Attorney
Aaron Michael Freeman
*#2488949, Retained*

8925 Southeastern AVE
Indianapolis, IN 46239
317-862-7010(W)

Defendant  Maintech, Incorporated

Address
c/o Corporation Service Company
135 N. Pennsylvania St., Ste. 1610
Indianapolis, IN 46204

Attorney
James Milstone
*#1046002, Retained*

550 Congressional BLVD
STE 310
Carmel, IN 46032
317-818-1360(W)

Plaintiff    Thompson, Brian

Address
4418 S. View Drive
Anderson, IN 46013

Attorney
Edward Robert Reichert
*#3041449, Retained*

9450 N Meridian ST
STE 250
Indianapolis, IN 46260
317-566-9600(W)

## Chronological Case Summary

| 08/10/2022 | **Case Opened as a New Filing** |
|---|---|

| 08/10/2022 | **Complaint/Equivalent Pleading Filed** |
|---|---|

Complaint for Damages and Jury Demand

| Filed By: | Thompson, Brian |
|---|---|
| File Stamp: | 08/10/2022 |

| 08/10/2022 | **Appearance Filed** |
|---|---|

Appearance by Attorney in a Civil Case

| For Party: | Thompson, Brian |
|---|---|
| File Stamp: | 08/10/2022 |

| 08/10/2022 | **Subpoena/Summons Filed** |
|---|---|

Summons to William M. Gardner

| Filed By: | Thompson, Brian |
|---|---|
| File Stamp: | 08/10/2022 |

| 08/10/2022 | **Subpoena/Summons Filed** |
|---|---|

Summons to Joyce G. Gardner

| Filed By: | Thompson, Brian |
|---|---|
| File Stamp: | 08/10/2022 |

| 08/10/2022 | **Subpoena/Summons Filed** |
|---|---|

Summons to Maintech, Incorporated

| Filed By: | Thompson, Brian |
|---|---|
| File Stamp: | 08/10/2022 |

| 09/09/2022 | **Appearance Filed** |
|---|---|

Appearance

| For Party: | Gardner, William M. |
|---|---|
| For Party: | Gardner, Joyce G. |
| File Stamp: | 09/08/2022 |

| 09/09/2022 | **Notice Filed** |
|---|---|
| | Notice of Automatic Enlargement of Time |

| | Filed By: | Gardner, William M. |
|---|---|---|
| | Filed By: | Gardner, Joyce G. |
| | File Stamp: | 09/09/2022 |

| 09/12/2022 | **Order Granting Motion for Enlargement of Time** |
|---|---|
| | Order - The Defendants, William M. Gardner and Joyce G. Gardner's, Answer or responsive pleading shall be due on October 10, 2022. Automated notices sent. |

| | Judicial Officer: | Miller, Gary L |
|---|---|---|
| | Order Signed: | 09/10/2022 |

| 09/13/2022 | **Automated Paper Notice Issued to Parties** |
|---|---|
| | Order Granting Motion for Enlargement of Time ---- 9/12/2022 : Maintech, Incorporated |

| 09/13/2022 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Granting Motion for Enlargement of Time ---- 9/12/2022 : Aaron Michael Freeman;Edward Robert Reichert |

| 10/06/2022 | **Answer Filed** |
|---|---|
| | Defendants Answer to Complaint |

| | Filed By: | Gardner, William M. |
|---|---|---|
| | Filed By: | Gardner, Joyce G. |
| | File Stamp: | 10/06/2022 |

| 10/12/2022 | **Notice Issued** |
|---|---|
| | The parties are ORDERED to confer and submit a joint Case Management Order pursuant to local rules within 30 days. In the event all parties agree in writing, the deadline for submitting a joint CMO may be extended by the Court until such time as the parties determine a CMO is necessary. No trial dates will be set until the submission of a joint CMO. /s/ Gary L. Miller, Judge |

| 10/13/2022 | **Automated Paper Notice Issued to Parties** |
|---|---|
| | Notice Issued ---- 10/12/2022 : Maintech, Incorporated |

| 10/13/2022 | **Automated ENotice Issued to Parties** |
|---|---|
| | Notice Issued ---- 10/12/2022 : Aaron Michael Freeman;Edward Robert Reichert |

| 10/19/2022 | **Service Returned Served (E-Filing)** |
|---|---|
| | Proof of Service on Maintech, Incorporated |

| | Filed By: | Thompson, Brian |
|---|---|---|
| | File Stamp: | 10/19/2022 |

| 10/19/2022 | **Service Returned Served (E-Filing)** |
|---|---|
| | Proof of Service on William M. Gardner |

| | Filed By: | Thompson, Brian |
|---|---|---|
| | File Stamp: | 10/19/2022 |

| 10/19/2022 | **Service Returned Served (E-Filing)** |
|---|---|
| | Proof of Service on Joyce G. Gardner |

| | Filed By: | Thompson, Brian |
|---|---|---|
| | File Stamp: | 10/19/2022 |

| 11/30/2022 | **Case Management Plan** |
| | Court approves and Orders parties Case Management Plan |
| | Order Signed: | 11/30/2022 |

| 11/30/2022 | **Hearing Scheduling Activity** |
| | Final PreTrial Hearing/Conference scheduled for 04/08/2024 at 1:30 PM. |

| 11/30/2022 | **Hearing Scheduling Activity** |
| | Jury Trial scheduled for 04/23/2024 at 9:00 AM. |

| 11/30/2022 | **Hearing Scheduling Activity** |
| | Jury Trial scheduled for 04/24/2024 at 9:00 AM. |

| 11/30/2022 | **Hearing Scheduling Activity** |
| | Jury Trial scheduled for 04/25/2024 at 9:00 AM. |

| 12/01/2022 | **Automated Paper Notice Issued to Parties** |
| | Case Management Plan ---- 11/30/2022 : Maintech, Incorporated Hearing Scheduling Activity ---- 11/30/2022 : Maintech, Incorporated Hearing Scheduling Activity ---- 11/30/2022 : Maintech, Incorporated Hearing Scheduling Activity ---- 11/30/2022 : Maintech, Incorporated Hearing Scheduling Activity ---- 11/30/2022 : Maintech, Incorporated |

| 12/01/2022 | **Automated ENotice Issued to Parties** |
| | Case Management Plan ---- 11/30/2022 : Aaron Michael Freeman;Edward Robert Reichert Hearing Scheduling Activity ---- 11/30/2022 : Aaron Michael Freeman;Edward Robert Reichert Hearing Scheduling Activity ---- 11/30/2022 : Aaron Michael Freeman;Edward Robert Reichert Hearing Scheduling Activity ---- 11/30/2022 : Aaron Michael Freeman;Edward Robert Reichert Hearing Scheduling Activity ---- 11/30/2022 : Aaron Michael Freeman;Edward Robert Reichert |

| 12/29/2022 | **Witness and/or Exhibit List Filed** |
| | Plaintiff's Preliminary Witness & Exhibit Lists |
| | Filed By: | Thompson, Brian |
| | File Stamp: | 12/29/2022 |

| 01/12/2023 | **Appearance Filed** |
| | Appearance |
| | For Party: | Maintech, Incorporated |
| | File Stamp: | 01/12/2023 |

| 01/12/2023 | **Motion for Enlargement of Time Filed** |
| | MOTION FOR ENLARGEMENT OF TIME |
| | Filed By: | Maintech, Incorporated |
| | File Stamp: | 01/12/2023 |

| 01/13/2023 | **Order Granting Motion for Enlargement of Time** |
| | Order on Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint |
| | Judicial Officer: | Miller, Gary L |
| | Order Signed: | 01/13/2023 |

| 01/14/2023 | **Automated ENotice Issued to Parties** |
| | Order Granting Motion for Enlargement of Time ---- 1/13/2023 : Aaron Michael Freeman;Edward Robert Reichert;James Milstone |

| 02/10/2023 | **Answer Filed** | |
| | Answer to Complaint | |
| | Filed By: | Maintech, Incorporated |
| | File Stamp: | 02/10/2023 |

| 04/08/2024 | **Final PreTrial Hearing/Conference** | |
| | Session: | |
| | | 04/08/2024 1:30 PM, Judicial Officer: Miller, Gary L |
| | Comment: | for 3-day jury 4-23-2024 |

| 04/23/2024 | **Jury Trial** | |
| | Session: | |
| | | 04/23/2024 9:00 AM, Judicial Officer: Miller, Gary L |
| | Session: | |
| | | 04/24/2024 9:00 AM, Judicial Officer: Miller, Gary L |
| | Session: | |
| | | 04/25/2024 9:00 AM, Judicial Officer: Miller, Gary L |
| | Comment: | 3-days |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Thompson, Brian**

Plaintiff

**Balance Due** (as of 02/24/2023)

**0.00**

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 08/10/2022 | Transaction Assessment | 157.00 |
| 08/10/2022 | Electronic Payment | (157.00) |

| This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record. |
|---|

Marion Superior Court 3

STATE OF INDIANA )  IN THE MARION SUPERIOR/CIRCUIT COURT
)SS: CIVIL DIVISION
COUNTY OF MARION )  CAUSE NO. _____

BRIAN THOMPSON,                                    )
                                                   )
                    Plaintiff,                     )
                                                   )
        vs.                                        )
                                                   )
WILLIAM M. GARDNER, JOYCE G. GARDNER,              )
and MAINTECH, INCORPORATED,                        )
                                                   )
                    Defendant.                     )

## **COMPLAINT FOR DAMAGES**
## **AND JURY DEMAND**

Comes now the Plaintiff, Brian Thompson, by counsel, and for his claim for relief against the Defendants William M. Gardner, Joyce G. Gardner, and MainTech, Incorporated, he alleges and states as follows:

1.      At all relevant times herein, Plaintiff, Brian Thompson, was a resident of the State of Indiana and domiciled in the city of Anderson, in the County of Madison.

2.      At all relevant times herein, William M. Gardner and Joyce G. Gardner were residents of the State of California and domiciled in the city of Oakland, in the County of Alameda.

3.      At all relevant times herein MainTech, Incorporated was a New Jersey corporation, registered to conduct business in the State of Indiana with a registered agent located at 135 N. Pennsylvania Street, Suite 1610, Indianapolis, Indiana.

4.      At all relevant times herein William M. Gardner and Joyce G. Gardner owned a property located at 7105 W. Morris Street, Indianapolis, Indiana (hereinafter "7105 W. Morris St.").

5.      At all relevant times herein, William M. Gardner and Joyce G. Gardner leased 7105 W. Morris St. to Federal Express and/or its subsidiaries for business purposes.

6.      At all relevant times herein, William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated were responsible for maintaining the property located at 7105 W. Morris St.

7.      At all relevant times herein, Plaintiff was employed by Federal Express.

8.      On or about September 18, 2020, Plaintiff was injured when his foot became lodged in decking at the property located at 7105 W. Morris St.

9.      The above-described incident was a direct and proximate result of the careless and negligent acts and omissions of the Defendants William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated, including but not limited to:

a.      Creating a hazardous condition on the property;

b.      Failing to warn about the hazardous decking on the property;

c.      Failing to direct traffic away from and around the hazardous decking;

d.      Failing to repair, remedy or correct the hazardous decking.

10.      At all relevant times herein, William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated knew or should have known that the damaged decking

2

created a hazard to business invitees and it had a duty to warn and protect others from tripping, falling or otherwise being injured on the damaged decking at 7105 W. Morris St. as well as a duty to repair, remedy or correct the hazardous condition of the decking.

11.     As a direct and proximate result of William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated's negligent acts and omissions, Plaintiff, Brian Thompson has suffered severe and permanent injuries; has incurred hospital, medical and prescription expenses; has suffered physical and emotional pain; has missed opportunities to enjoy life; has lost wages; and will continue to incur such losses and damages in the future.

WHEREFORE, Plaintiff, Brian Thompson, by counsel, prays for judgment against the Defendants William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated in an amount that will reasonably compensate him for all the losses and damages he has incurred to date and will incur in the future, for the cost of this action and for all other relief just and proper in the premises.

Respectfully submitted,

**GOLITKO & DALY, PC**


*/s/ Edward R. Reichert*
Edward R. Reichert, #30414-49
9450 N. Meridian Street, Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606  Facsimile
eddie@golitkodaly.com
***Counsel for Plaintiff***

## **REQUEST FOR JURY TRIAL**

Plaintiff, by counsel, pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, request that this case be tried by jury.

Respectfully submitted,

**GOLITKO & DALY, PC**


*/s/ Edward R. Reichert*
Edward R. Reichert, #30414-49
9450 N. Meridian Street, Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606  Facsimile
eddie@golitkodaly.com
***Counsel for Plaintiff***

Case 1:23-cv-00342-MPB-MKK   D49D03-2208-CT-027008   Filed 4/23   Page 11 of 75 PageID #: 121
Filed: 8/10/2022 9:41 AM
Clerk
Marion County, Indiana

Marion Superior Court 3

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR/CIRCUIT COURT |
|---|---|---|
| | )SS: | CIVIL DIVISION |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

BRIAN THOMPSON,                             )
                                            )
                    Plaintiff,              )
                                            )
        vs.                                 )
                                            )
WILLIAM M. GARDNER, JOYCE G. GARDNER,       )
and MAINTECH, INCORPORATED,                 )
                                            )
                    Defendant.              )

## APPEARANCE BY ATTORNEYS IN A CIVIL CASE

Party Classification: Initiating: _____**X**_____ Responding: _____ Intervening: _____

1.      The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

### BRIAN THOMPSON

2.      Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| NAME | : | **Edward R. Reichert, Esq.** | ATTORNEY NO. | : **30414-49** |
|---|---|---|---|---|
| ADDRESS | : | **GOLITKO & DALY, PC** | TELEPHONE | : **317.566.9600** |
| | | **9450 N. Meridian St., Ste. 250** | FACSIMILE | : **317.566.9606** |
| | | **Indianapolis, IN 46260** | | |
| EMAIL ADDRESS: | | **eddie@golitkodaly.com** | | |

3.      There are other party members: Yes ___ No _X_ (*If yes, list on continuing page.*)

4.      *If first initiating party filing this case*, the Clerk is requested to assign the case the following Case Type under Administrative Rule 8(b)(3):_CT____

5.      I will accept service by fax at the above noted number:  Yes ___ No _X_

6.      This case involves support issues:   Yes ____ No _X_   (*If yes, supply social security numbers for all family members on continuing page.*)

7.      There are related cases: Yes ___ No _X_ (*If yes, list on continuation page.*)

8.      This form has been served on all other parties.  Certificate of Service is attached:

Yes  <u>X</u>  No <u>  </u>.

9.      Additional information required by local rule: None.


Hereby submitted,


<u>/s/Edward R. Reichert</u>
Edward R. Reichert, #30414-49
Attorney for the Plaintiff


**GOLITKO & DALY, P.C.**
9450 N. Meridian St., Ste. 250
Indianapolis, IN  46260
317.566.9600 Telephone
317.566.9606 Facsimile
eddie@golitkodaly.com

# SUMMONS
## In the Marion Circuit/Superior Court

BRIAN THOMPSON,                              )
                                             )
                            Plaintiff,       )
                                             )
            vs.                              )
                                             )
WILLIAM M. GARDNER, JOYCE G. GARDNER,        )
and MAINTECH, INCORPORATED,                  )
                                             )
                            Defendant.       )

**TO DEFENDANT:**      **William M. Gardner**
                       **681 Vernon Street**
                       **Oakland, CA 94610**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

DATED: ___8/10/2022___          _Myla A. Eldridge_ (Seal)
                                Clerk, Circuit Court of Marion County

(The following manner of service of summons is hereby designated.)

___X___      Registered or certified mail - 7021 0350 0000 6467 5224 _____
_____      Service on individual - (Personal or copy) at above address. _____
_____      Service at place of employment, to-wit: _____
_____      Service on agent. (Specify) _____
_____      Other Service. (Specify) _____

**SEAL**

Edward R. Reichert, #30414-49
GOLITKO & DALY, P.C.
9450 N. Meridian St., Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606 Facsimile
*Counsel for Plaintiff*

**SHERIFF'S RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the _____day of _____, 2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____

_____.

(2) By leaving a copy, and mailing a copy of the Summons and a copy of the complaint at _____

_____ which is the dwelling place or usual place of abode of _____

and mailing a copy;

(3) Other Service or Remarks:_____

_____

_____          _____

Sheriff's Costs                                                                    Sheriff

                                                   By:     _____

                                                           Deputy

**CERTIFICATE OF MAILING**

I hereby certify that on the _____ day of _____, 2022, I mailed a copy of this Summons and a copy of the complaint to the defendant, William M. Gardner, by certified mail, requesting a return receipt, at the address furnished by the plaintiff.

Dated: _____, 2022

                                                   _____
                                                   Edward R. Reichert, #30414-49
                                                   Attorney for Plaintiff

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant William M. Gardner was accepted by the defendant on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant William M. Gardner was accepted by _____ on behalf of said defendant on the _____ day of _____, 2022.

                                                   _____
                                                   Edward R. Reichert, #30414-49
                                                   Attorney for Plaintiff

# SUMMONS
## In the Marion Circuit/Superior Court

| | |
|---|---|
| BRIAN THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WILLIAM M. GARDNER, JOYCE G. GARDNER, | ) |
| and MAINTECH, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

**TO DEFENDANT:**      **Joyce G. Gardner**
**681 Vernon Street**
**Oakland, CA 94610**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

8/10/2022
DATED: _____                    _Myla A. Eldridge_ (Seal)
Clerk, Circuit Court of Marion County

(The following manner of service of summons is hereby designated.)

| | |
|---|---|
| __X__ | Registered or certified mail. – 7021 0350 0000 6467 5200 |
| _____ | Service on individual - (Personal or copy) at above address. |
| _____ | Service at place of employment, to-wit: _____ |
| _____ | Service on agent. (Specify) _____ |
| _____ | Other Service. (Specify) _____ |

Edward R. Reichert, #30414-49
GOLITKO & DALY, P.C.
9450 N. Meridian St., Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606 Facsimile
*Counsel for Plaintiff*

SEAL

**SHERIFF'S RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the _____day of _____, 2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____

_____.

(2) By leaving a copy, and mailing a copy of the Summons and a copy of the complaint at _____

_____ which is the dwelling place or usual place of abode of _____

and mailing a copy;

(3) Other Service or Remarks:_____

_____

_____          _____

Sheriff's Costs                                                                    Sheriff

                                              By:          _____

                                                               Deputy

**CERTIFICATE OF MAILING**

I hereby certify that on the _____ day of _____, 2022, I mailed a copy of this Summons and a copy of the

complaint to the defendant, Joyce G. Gardner, by certified mail, requesting a return receipt, at the address furnished by the

plaintiff.

Dated: _____, 2022

                                                               _____
                                                               Edward R. Reichert, #30414-49
                                                               Attorney for Plaintiff

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the

complaint mailed to defendant Joyce G. Gardner was accepted by the defendant on the _____ day of _____,

2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the

complaint was returned not accepted on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the

complaint mailed to defendant Joyce G. Gardner was accepted by _____ on behalf of

said defendant on the _____ day of _____, 2022.

                                                               _____
                                                               Edward R. Reichert, #30414-49
                                                               Attorney for Plaintiff

# S U M M O N S
## In the Marion Circuit/Superior Court

BRIAN THOMPSON,                              )
                                             )
                        Plaintiff,           )
                                             )
        vs.                                  )
                                             )
WILLIAM M. GARDNER, JOYCE G. GARDNER,        )
and MAINTECH, INCORPORATED,                  )
                                             )
                        Defendant.           )

**TO DEFENDANT:**        **MAINTECH, INCORPORATED**
                         **c/o Corporation Service Company**
                         **135 N. Pennsylvania St., Ste. 1610**
                         **Indianapolis, IN 46204**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

DATED: _____ 8/10/2022          _____(Seal)
                                        Clerk, Circuit Court of Marion County

(The following manner of service of summons is hereby designated.)

____X____      Registered or certified mail. 7021 0350 0000 6467 5217
_____      Service on individual - (Personal or copy) at above address.
_____      Service at place of employment, to wit: _____
_____      Service on agent. (Specify) _____
_____      Other Service. (Specify) _____

Edward R. Reichert, #30414-49
GOLITKO & DALY, P.C.
9450 N. Meridian St., Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606 Facsimile
*Counsel for Plaintiff*

**SHERIFF'S RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the _____ day of _____, 2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____ _____.

(2) By leaving a copy, and mailing a copy of the Summons and a copy of the complaint at _____

_____ which is the dwelling place or usual place of abode of _____

and mailing a copy;

(3) Other Service or Remarks: _____

_____

_____            _____

Sheriff's Costs                                                              Sheriff _____

                                    By:

                                                              Deputy

**CERTIFICATE OF MAILING**

I hereby certify that on the _____ day of _____, 2022, I mailed a copy of this Summons and a copy of the complaint to the defendant, Maintech, Incorporated, by certified mail, requesting a return receipt, at the address furnished by the plaintiff.

Dated: _____, 2022

                                                              _____
                                                              Edward R. Reichert, #30414-49
                                                              Attorney for Plaintiff

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant Maintech, Incorporated was accepted by the defendant on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant Maintech, Incorporated was accepted by _____ on behalf of said defendant on the _____ day of _____, 2022.

                                                              _____
                                                              Edward R. Reichert, #30414-49
                                                              Attorney for Plaintiff

Filed: 9/30/2022 4:29 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **IN THE MARION SUPERIOR COURT** |
| | ) | **SS:** |
| **COUNTY OF MARION** | ) | **CAUSE NO. 49D03-2208-CT-027008** |
| | ) | |
| **BRIAN THOMPSON,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **WILLIAM M. GARDNER, JOYCE G. GARDNER** | ) | |
| **And MAINTECH INCORPORATED,** | ) | |
| **Defendants.** | ) | |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating _____   Responding _X__   Intervening _____; and
   the undersigned attorney and all attorneys listed on this form now appear in this case for
   the following parties:

   Name of party:_ **William M. Gardner and Joyce G. Gardner**_____
   Address of party *(see Question # 6 below if this case involves a protection from abuse
   order, a workplace violence restraining order, or a no-contact order)*
   c/o 8925 Southeastern Ave. , Indianapolis, IN 46239_____
   Telephone # of party _317-862-7010_____
   FAX: _____
   Email Address:_____

   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   _Name: Aaron M. Freeman_____   Atty Number: _24889-49____
   Address: 8925 Southeastern Avenue Indianapolis, Indiana 46239_____
   Phone:317-862-7010_____
   FAX: 317-862-7011_____
   Email Address: aaron@aaronfreemanlaw.com_____
   *(List on continuation page additional attorneys appearing for above party)*

3. This is a _____ case type as defined in administrative Rule 8(B)(3).

4. I will accept service from other parties by:
   FAX at the above noted number:  Yes __X__ No _____
   Email at the above noted number:  Yes __X__ No _____

5. This case involves child support issues. Yes _____ No _____ *(If yes, supply social
   security numbers for all family members on a separately attached document filed as
   confidential information on **light green paper**.  Use Form TCM-TR3.1-4.)*

6. This case involves a protection from abuse order, a workplace violence restraining order,

or a no – contact order.  Yes ____ No __X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

____X____    Attorney's address

_____    The Attorney General Confidentiality program address
(contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).

_____    Another address (provide)

_____

7.  This case involves a petition for involuntary commitment.  Yes _____ No __X__

8.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

b.  State of Residence of person subject to petition: _____

c.  At least one of the following pieces of identifying information:
    (i)    Date of Birth _____
    (ii)   Driver's License Number _____
           State where issued _____ Expiration date _____
    (iii)  State ID number _____
           State where issued _____ Expiration date _____
    (iv)   FBI number _____
    (v)    Indiana Department of Corrections Number _____
    (vi)   Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

9.  There are related cases: Yes _____ No __X__   *(If yes, list on continuation page.)*

10. Additional information required by local rule:
_____

11. There are other party members: Yes _____ No__X__ *(If yes, list on continuation page.)*

12. This form has been served on all other parties and Certificate of Service is attached:
Yes_X_ No___

_____
Aaron M. Freeman
Attorney Number: 24889-49
(Attorney information shown above.)

Filed: 9/9/2022 10:47 AM
Clerk
Marion County, Indiana

**STATE OF INDIANA**      )      **IN THE MARION SUPERIOR COURT**
                  ) SS:
**COUNTY OF MARION**      )

|  |  |  |
|---|---|---|
| | ) | |
| **BRIAN THOMPSON,** | ) | **CAUSE NO. 49D03-2208-CT-027008** |
|        Plaintiff, | ) | |
| | ) | |
|    v. | ) | |
| | ) | |
| **WILLIAM M. GARDNER, JOYCE G.** | ) | |
| **GARDNER, and MAINTECH** | ) | |
| **INCORPORATED,** | ) | |
|        Defendants. | ) | |

## NOTICE OF AUTOMATIC ENLARGEMENT OF TIME

The Defendants, William M. Gardner and Joyce G. Gardner ("Defendants"), by counsel, Aaron M. Freeman, and pursuant to Trial Rule 6(B)(1) of the Indiana Trial Rules of Trial Procedure and Marion County Local Trial Rule 5(D), notifies the Court that they are exercising their right to an automatic enlargement of time to respond to Plaintiff's Complaint (the "Complaint"). In support, the Defendants state as follows:

1. Plaintiff's Complaint was filed on or about August 10, 2022.

2. The Defendant's received the Summons via United States Mail on or about August 18, 2022.

3. The Defendant's answer would be due on September 10, 2022.

4. The Defendant requires an additional thirty (30) days to file a response to the Complaint.

5. The Defendants answer would be due on October 10, 2022.

WHEREFORE, the Defendants, William M. Gardner and Joyce G. Gardner, by counsel, respectfully notifies the Court that they are exercising their right to an automatic enlargement of

time of thirty (30) days to and including October 10, 2022, to answer or otherwise respond to Plaintiff's Complaint.

Respectfully Submitted,

/s/: Aaron M. Freeman
Aaron M. Freeman #24889-49
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above has been served by U.S. First Class Mail, postage prepaid, to the following counsel of record on the date of filing.

Edward R. Reichert
Golitko & Daly, P.C.
9450 N. Meridian Street, Suite 250
Indianapolis, IN 46206
317-566-9600
eddie@golitkodaly.com

/s/: Aaron M. Freeman
Aaron M. Freeman
Attorney #24889-49
The Freeman Law Office, LLC
8925 Southeastern Avenue
Indianapolis, IN 46239
Phone: (317) 862-7010
Fax: (317) 862-7011
aaronfreemanlaw@gmail.com

STATE OF INDIANA    )      IN THE MARION SUPERIOR COURT
            ) SS:
COUNTY OF MARION    )
            )
BRIAN THOMPSON,      )    **CAUSE NO. 49D03-2208-CT-027008**
      Plaintiff,      )
            )
v.            )
            )
WILLIAM M. GARDNER, JOYCE G.   )
GARDNER, and MAINTECH     )
INCORPORATED,       )
      Defendants.     )

F I L E D
September 12, 2022
CLERK OF THE COURT
MARION COUNTY
SM

## ORDER

The Defendants, William M. Gardner and Joyce G. Gardner, having come before the Court by way of their notice of their automatic enlargement of time:

And the Court having considered the same and being duly advised in the premises now finds that said motion should be  Granted.  The Defendants, Answer or responsive pleading shall be due on October 10, 2022.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that

_____

SO ORDERED:_____**September 10, 2022**_____2022.

_____
JUDGE, Marion Superior Court

Distribution to:

Aaron M. Freeman
aaron@aaronfreemanlaw.com

Edward R. Reichert
eddie@golitkodaly.com

3

STATE OF INDIANA     )       IN THE MARION SUPERIOR COURT
                      ) SS:
COUNTY OF MARION   )

BRIAN THOMPSON,       )       CAUSE NO. 49D03-2208-CT-027008
        Plaintiff,    )

     v.               )

WILLIAM M. GARDNER, JOYCE G.  )
GARDNER, and MAINTECH     )
INCORPORATED,          )
        Defendants.  )

## GARDNER'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW Defendants, William M. Gardner and Joyce G. Gardner, ("Gardner"), by counsel, Aaron M. Freeman, and for their Answer and Affirmative Defenses, states as follows:

1. Gardner is without sufficient information to admit or deny the allegation contained in Averment No 1 of the Complaint, Gardner thus denies the allegation.

2. Gardner admits the allegation contained in Averment No 2 of the Complaint.

3. Gardner is without sufficient information to admit or deny the allegation contained in Averment No 3 of the Complaint, Gardner thus denies the allegation.

4. Gardner admits the allegation contained in Averment No 4 of the Complaint.

5. Gardner admits the allegation contained in Averment No 5 of the Complaint.

6. Gardner denies the allegation contained in Averment No 6 of the Complaint.

7. Gardner is without sufficient information to admit or deny the allegation contained in Averment No 7 of the Complaint, Gardner thus denies the allegation.

8. Gardner is without sufficient information to admit or deny the allegation contained in Averment No 8 of the Complaint, Gardner thus denies the allegation.

9. Gardner denies the allegation contained in Averment No 9 of the Complaint.

1

10. Gardner denies the allegation contained in Averment No 10 of the Complaint.

11. Gardner denies the allegation contained in Averment No 11 of the Complaint.

WHEREFORE, Defendants, William M. Gardner and Joyce G. Gardner requests that the Plaintiff take nothing by way of his Complaint, and for all other relief as is just and proper in the premises.

## **AFFIRMATIVE DEFENSES**

COMES NOW, Defendant, William M. Gardner and Joyce G. Gardner, by counsel, Aaron M. Freeman, and for their affirmative defenses states as follows:

1. Plaintiff failed to state a claim upon which relief can be granted in violation of Indiana Rules of Trial Procedure, Rule 12(b)(6).

2. Plaintiff failed to name a party needed for just adjudication.

3. Plaintiff have unclean hands due to his own actions and therefore are barred from recovery.

4. Plaintiff are estopped from making any claims due to his actions and therefore are barred from recovery.

5. Plaintiff failed to mitigate his damages.

6. Express reserves the right to supplement these affirmative defenses.

WHEREFORE Defendants, William M. Gardner and Joyce G. Gardner requests that Plaintiff take nothing by way of his Complaint, and for all other relief as is just and proper in the premises.

Respectfully Submitted,

2

Aaron M. Freeman #24889-49
*Attorney for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been served via e-filing, to the following counsel of record on this date of filing.

Edward R. Reichert
Golitko & Daly, PC
9450 N. Meridian Street, Suite 250
Indianapolis, Indiana 46260
317-566-9600
Eddie@golitkodaly.com

Aaron M. Freeman
The Freeman Law Office, LLC
8925 Southeastern Avenue
Indianapolis, IN 46239
Phone: (317) 862-7010
Fax: (317) 862-7011
aaron@aaronfreemanlaw.com

STATE OF INDIANA      )     IN THE MARION SUPERIOR COURT
                         )SS:    CIVIL DIVISION
COUNTY OF MARION      )     CAUSE NO.  49D03-2208-CT-027008

BRIAN THOMPSON,                      )
                                         )
                  Plaintiff,          )
                                         )
       vs.                              )
                                         )
WILLIAM M. GARDNER, JOYCE G. GARDNER,    )
and MAINTECH, INCORPORATED,        )
                                         )
                  Defendant.       )

## PROOF OF SERVICE ON MAINTECH, INCORPORATED

The undersigned hereby certifies that he served the Summons and Plaintiff's Complaint for Damages in the above cause of action on Maintech, Incorporated or about August 15, 2022, by Certified Mail #7021 0350 0000 6467 5217, a copy of which is attached hereto.

Respectfully submitted,

**GOLITKO & DALY, P.C.**

*/s/ Edward R. Reichert*
Edward R. Reichert (#30414-49)
Attorney for the Plaintiff

9450 N. Meridian St., Ste. 250
Indianapolis, IN  46260
317.566.9600 Telephone
317.566.9606 Facsimile
eddie@golitkodaly.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon counsel of record, listed below, via Indiana's e-filing system, this 19th day of October, 2022.

Aaron M. Freeman, Esq.
The Freeman Law Office, LLC
8925 Southeastern Ave.
Indianapolis, IN 46239
Tel. 317-862-7010
Fax 317-862-7011
aaron@aaronfreemanlaw.com
*Counsel for Defendants, William M. Gardner & Joyce G. Gardner*

*/s/ Edward R. Reichert*
Edward R. Reichert, Esq., #30414-49
***Counsel for Plaintiff***

**GOLITKO & DALY, PC**
9450 N. Meridian St., Ste. 250
Indianapolis, IN  46260
317.566.9600 Telephone
317.566.9606 Facsimile
eddie@golitkodaly.com

2

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MAINTECH, INCORPORATED
c/o Corporation Service Company
135 N. Pennsylvania St., Ste. 1610
Indianapolis, IN 46204

9590 9402 7403 2055 4669 92

2. Article Number (Transfer from service label)

7021 0350 0000 6467 5217

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Mary Coley_   ☐ Agent
                  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

AUG 15

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

US POSTAGE ᴍᵉᵗᵉʳᵉᵈ ᵇʸ PITNEY BOWES

ZIP 46260
02 7H
0001311445

$ 008.06⁰
AUG 10 2022

FIRST-CLASS

CERTIFIED MAIL®

7021 0350 0000 6467 5217



GOLITKO&D
WORK · INJURY · LA

9450 N. Meridian St., Ste. 250
Indianapolis, IN 46260

MAINTECH, INCORPORATED
c/o Corporation Service Company
135 N. Pennsylvania St., Ste. 1610
Indianapolis, IN 46204

**49D03-2208-CT-027008**

Marion Superior Court 3

Filed: 8/10/2022 9:41 AM
Clerk
Marion County, Indiana

# S U M M O N S
## In the Marion Circuit/Superior Court

BRIAN THOMPSON,                       )

                                     )

              Plaintiff,         )

                                     )

    vs.                             )

                                     )

WILLIAM M. GARDNER, JOYCE G. GARDNER,  )
and MAINTECH, INCORPORATED,       )

                                     )

           Defendant.      )

**TO DEFENDANT:**    **MAINTECH, INCORPORATED**
                           **c/o Corporation Service Company**
                           **135 N. Pennsylvania St., Ste. 1610**
                           **Indianapolis, IN 46204**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

DATED: _____8/10/2022_____        *Myla a. Eldridge*
                               _____(Seal)
                              Clerk, Circuit Court of Marion County

(The following manner of service of summons is hereby designated.)

   __X__       Registered or certified mail. 7021 0350 0000 6467 5217
   _____    Service on individual - (Personal or copy) at above address.
   _____    Service at place of employment, to-wit: _____
   _____    Service on agent. (Specify) _____
   _____    Other Service. (Specify) _____

Edward R. Reichert, #30414-49
GOLITKO & DALY, P.C.
9450 N. Meridian St., Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606 Facsimile
*Counsel for Plaintiff*

**SHERIFF'S RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the _____day of _____, 2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____

_____.

(2) By leaving a copy, and mailing a copy of the Summons and a copy of the complaint at _____

_____ which is the dwelling place or usual place of abode of _____

and mailing a copy;

(3) Other Service or Remarks:_____

_____

_____

Sheriff's Costs

By:

_____

Sheriff

_____

Deputy

**CERTIFICATE OF MAILING**

I hereby certify that on the _____ day of _____, 2022, I mailed a copy of this Summons and a copy of the complaint to the defendant, Maintech, Incorporated, by certified mail, requesting a return receipt, at the address furnished by the plaintiff.

Dated: _____, 2022

_____

Edward R. Reichert, #30414-49
Attorney for Plaintiff

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant Maintech, Incorporated was accepted by the defendant on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant Maintech, Incorporated was accepted by _____ on behalf of said defendant on the _____ day of _____, 2022.

_____

Edward R. Reichert, #30414-49
Attorney for Plaintiff

**49D03-2208-CT-027008**

Marion Superior Court 3

Filed: 8/10/2022 9:41 AM
Clerk
Marion County, Indiana

STATE OF INDIANA      )    IN THE MARION SUPERIOR/CIRCUIT COURT
                    )SS:  CIVIL DIVISION
COUNTY OF MARION      )    CAUSE NO. _____

BRIAN THOMPSON,                 )
                              )
           Plaintiff,          )
                              )
    vs.                          )
                              )
WILLIAM M. GARDNER, JOYCE G. GARDNER,   )
and MAINTECH, INCORPORATED,          )
                              )
           Defendant.       )

## COMPLAINT FOR DAMAGES
## AND JURY DEMAND

Comes now the Plaintiff, Brian Thompson, by counsel, and for his claim for relief against the Defendants William M. Gardner, Joyce G. Gardner, and MainTech, Incorporated, he alleges and states as follows:

1.    At all relevant times herein, Plaintiff, Brian Thompson, was a resident of the State of Indiana and domiciled in the city of Anderson, in the County of Madison.

2.    At all relevant times herein, William M. Gardner and Joyce G. Gardner were residents of the State of California and domiciled in the city of Oakland, in the County of Alameda.

3.    At all relevant times herein MainTech, Incorporated was a New Jersey corporation, registered to conduct business in the State of Indiana with a registered agent located at 135 N. Pennsylvania Street, Suite 1610, Indianapolis, Indiana.

4.      At all relevant times herein William M. Gardner and Joyce G. Gardner owned a property located at 7105 W. Morris Street, Indianapolis, Indiana (hereinafter "7105 W. Morris St.").

5.      At all relevant times herein, William M. Gardner and Joyce G. Gardner leased 7105 W. Morris St. to Federal Express and/or its subsidiaries for business purposes.

6.      At all relevant times herein, William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated were responsible for maintaining the property located at 7105 W. Morris St.

7.      At all relevant times herein, Plaintiff was employed by Federal Express.

8.      On or about September 18, 2020, Plaintiff was injured when his foot became lodged in decking at the property located at 7105 W. Morris St.

9.      The above-described incident was a direct and proximate result of the careless and negligent acts and omissions of the Defendants William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated, including but not limited to:

      a.      Creating a hazardous condition on the property;

      b.      Failing to warn about the hazardous decking on the property;

      c.      Failing to direct traffic away from and around the hazardous decking;

      d.      Failing to repair, remedy or correct the hazardous decking.

10.     At all relevant times herein, William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated knew or should have known that the damaged decking

2

created a hazard to business invitees and it had a duty to warn and protect others from tripping, falling or otherwise being injured on the damaged decking at 7105 W. Morris St. as well as a duty to repair, remedy or correct the hazardous condition of the decking.

11.     As a direct and proximate result of William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated's negligent acts and omissions, Plaintiff, Brian Thompson has suffered severe and permanent injuries; has incurred hospital, medical and prescription expenses; has suffered physical and emotional pain; has missed opportunities to enjoy life; has lost wages; and will continue to incur such losses and damages in the future.

WHEREFORE, Plaintiff, Brian Thompson, by counsel, prays for judgment against the Defendants William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated in an amount that will reasonably compensate him for all the losses and damages he has incurred to date and will incur in the future, for the cost of this action and for all other relief just and proper in the premises.

Respectfully submitted,

**GOLITKO & DALY, PC**


*/s/ Edward R. Reichert*
Edward R. Reichert, #30414-49
9450 N. Meridian Street, Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606  Facsimile
eddie@golitkodaly.com
***Counsel for Plaintiff***

3

**REQUEST FOR JURY TRIAL**

Plaintiff, by counsel, pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, request that this case be tried by jury.

Respectfully submitted,

**GOLITKO & DALY, PC**

*/s/ Edward R. Reichert*
Edward R. Reichert, #30414-49
9450 N. Meridian Street, Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606  Facsimile
eddie@golitkodaly.com
***Counsel for Plaintiff***

4

STATE OF INDIANA      )     IN THE MARION SUPERIOR COURT
                         )SS:  CIVIL DIVISION
COUNTY OF MARION     )     CAUSE NO.  49D03-2208-CT-027008

BRIAN THOMPSON,              )
                                 )
           Plaintiff,       )
                                 )
   vs.                        )
                                 )
WILLIAM M. GARDNER, JOYCE G. GARDNER,  )
and MAINTECH, INCORPORATED,      )
                                 )
          Defendant.     )

## PROOF OF SERVICE ON WILLIAM M. GARDNER

The undersigned hereby certifies that he served the Summons and Plaintiff's Complaint for Damages in the above cause of action on William M. Gardner or about August 17, 2022, by Certified Mail #7021 0350 0000 6467 5224, a copy of which is attached hereto.

Respectfully submitted,

**GOLITKO & DALY, P.C.**

*/s/ Edward R. Reichert*
Edward R. Reichert (#30414-49)
Attorney for the Plaintiff

9450 N. Meridian St., Ste. 250
Indianapolis, IN  46260
317.566.9600 Telephone
317.566.9606 Facsimile
eddie@golitkodaly.com

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that a copy of the foregoing was served upon counsel of record, listed below, via Indiana's e-filing system, this 19th day of October, 2022.

Aaron M. Freeman, Esq.
The Freeman Law Office, LLC
8925 Southeastern Ave.
Indianapolis, IN 46239
Tel. 317-862-7010
Fax 317-862-7011
aaron@aaronfreemanlaw.com
*Counsel for Defendants, William M. Gardner & Joyce G. Gardner*

*/s/ Edward R. Reichert*
Edward R. Reichert, Esq., #30414-49
***Counsel for Plaintiff***

**GOLITKO & DALY, PC**
9450 N. Meridian St., Ste. 250
Indianapolis, IN  46260
317.566.9600 Telephone
317.566.9606 Facsimile
eddie@golitkodaly.com

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

William M. Gardner
681 Vernon Street
Oakland, CA 94610

9590 9402 6587 1028 1536 59

2. Article Number (Transfer from service label)

7021 0350 0000 6467 5224

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

8·17·22

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053      Domestic Return Receipt



US POSTAGE ᴹᴱᵀᴱᴿ PITNEY BOWES
$ 008.06⁰
ZIP 46260
02 7H
0001311445
AUG 10 2022

FIRST-CLASS

CERTIFIED MAIL®

7021 0350 0000 6467 5224

GOLITKO&D
WORK · INJURY · LAW

9450 N. Meridian St., Ste. 250
Indianapolis, IN 46260

William M. Gardner
681 Vernon Street
Oakland, CA 94610

**49D03-2208-CT-027008**

Marion Superior Court 3

Filed: 8/10/2022 9:41 AM
Clerk
Marion County, Indiana

# SUMMONS
## In the Marion Circuit/Superior Court

| | |
|---|---|
| BRIAN THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WILLIAM M. GARDNER, JOYCE G. GARDNER, | ) |
| and MAINTECH, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

**TO DEFENDANT:**   **William M. Gardner**
**681 Vernon Street**
**Oakland, CA 94610**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

DATED: _____8/10/2022_____          _Myla A. Eldridge_ (Seal)
                                                    Clerk, Circuit Court of Marion County

(The following manner of service of summons is hereby designated.)

|   |   |
|---|---|
| __X__ | Registered or certified mail 7021 0350 0000 8467 5224 |
| _____ | Service on individual - (Personal or copy) at above address. |
| _____ | Service at place of employment, to-wit: _____ |
| _____ | Service on agent. (Specify) _____ |
| _____ | Other Service. (Specify) _____ |

**SEAL**

Edward R. Reichert, #30414-49
GOLITKO & DALY, P.C.
9450 N. Meridian St., Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606 Facsimile
*Counsel for Plaintiff*

**SHERIFF'S RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the _____ day of _____, 2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____ _____.

(2) By leaving a copy, and mailing a copy of the Summons and a copy of the complaint at _____ _____ which is the dwelling place or usual place of abode of _____ and mailing a copy;

(3) Other Service or Remarks:_____ _____

_____
Sheriff's Costs

By:

_____
Sheriff
_____
Deputy

**CERTIFICATE OF MAILING**

I hereby certify that on the _____ day of _____, 2022, I mailed a copy of this Summons and a copy of the complaint to the defendant, William M. Gardner, by certified mail, requesting a return receipt, at the address furnished by the plaintiff.

Dated: _____, 2022

_____
Edward R. Reichert, #30414-49
Attorney for Plaintiff

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant William M. Gardner was accepted by the defendant on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____ , 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant William M. Gardner was accepted by _____ on behalf of said defendant on the _____ day of _____, 2022.

_____
Edward R. Reichert, #30414-49
Attorney for Plaintiff

**49D03-2208-CT-027008**

Marion Superior Court 3

Filed: 8/10/2022 9:41 AM
Clerk
Marion County, Indiana

STATE OF INDIANA      )     IN THE MARION SUPERIOR/CIRCUIT COURT
                             )SS:    CIVIL DIVISION
COUNTY OF MARION     )     CAUSE NO. _____

BRIAN THOMPSON,                 )
                                  )
             Plaintiff,          )
                                  )
     vs.                               )
                                  )
WILLIAM M. GARDNER, JOYCE G. GARDNER,    )
and MAINTECH, INCORPORATED,         )
                                  )
            Defendant.        )

### COMPLAINT FOR DAMAGES
### AND JURY DEMAND

Comes now the Plaintiff, Brian Thompson, by counsel, and for his claim for relief against the Defendants William M. Gardner, Joyce G. Gardner, and MainTech, Incorporated, he alleges and states as follows:

1.     At all relevant times herein, Plaintiff, Brian Thompson, was a resident of the State of Indiana and domiciled in the city of Anderson, in the County of Madison.

2.     At all relevant times herein, William M. Gardner and Joyce G. Gardner were residents of the State of California and domiciled in the city of Oakland, in the County of Alameda.

3.     At all relevant times herein MainTech, Incorporated was a New Jersey corporation, registered to conduct business in the State of Indiana with a registered agent located at 135 N. Pennsylvania Street, Suite 1610, Indianapolis, Indiana.

4.      At all relevant times herein William M. Gardner and Joyce G. Gardner owned a property located at 7105 W. Morris Street, Indianapolis, Indiana (hereinafter "7105 W. Morris St.").

5.      At all relevant times herein, William M. Gardner and Joyce G. Gardner leased 7105 W. Morris St. to Federal Express and/or its subsidiaries for business purposes.

6.      At all relevant times herein, William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated were responsible for maintaining the property located at 7105 W. Morris St.

7.      At all relevant times herein, Plaintiff was employed by Federal Express.

8.      On or about September 18, 2020, Plaintiff was injured when his foot became lodged in decking at the property located at 7105 W. Morris St.

9.      The above-described incident was a direct and proximate result of the careless and negligent acts and omissions of the Defendants William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated, including but not limited to:

     a.      Creating a hazardous condition on the property;

     b.      Failing to warn about the hazardous decking on the property;

     c.      Failing to direct traffic away from and around the hazardous decking;

     d.      Failing to repair, remedy or correct the hazardous decking.

10.      At all relevant times herein, William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated knew or should have known that the damaged decking

2

created a hazard to business invitees and it had a duty to warn and protect others from tripping, falling or otherwise being injured on the damaged decking at 7105 W. Morris St. as well as a duty to repair, remedy or correct the hazardous condition of the decking.

11.     As a direct and proximate result of William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated's negligent acts and omissions, Plaintiff, Brian Thompson has suffered severe and permanent injuries; has incurred hospital, medical and prescription expenses; has suffered physical and emotional pain; has missed opportunities to enjoy life; has lost wages; and will continue to incur such losses and damages in the future.

WHEREFORE, Plaintiff, Brian Thompson, by counsel, prays for judgment against the Defendants William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated in an amount that will reasonably compensate him for all the losses and damages he has incurred to date and will incur in the future, for the cost of this action and for all other relief just and proper in the premises.

Respectfully submitted,

**GOLITKO & DALY, PC**

*/s/ Edward R. Reichert*
Edward R. Reichert, #30414-49
9450 N. Meridian Street, Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606 Facsimile
eddie@golitkodaly.com
***Counsel for Plaintiff***

**REQUEST FOR JURY TRIAL**

Plaintiff, by counsel, pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, request that this case be tried by jury.

Respectfully submitted,

**GOLITKO & DALY, PC**


_/s/ Edward R. Reichert_
Edward R. Reichert, #30414-49
9450 N. Meridian Street, Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606  Facsimile
eddie@golitkodaly.com
**_Counsel for Plaintiff_**

4

STATE OF INDIANA       )      IN THE MARION SUPERIOR COURT
                        )SS:    CIVIL DIVISION
COUNTY OF MARION      )      CAUSE NO.  49D03-2208-CT-027008

BRIAN THOMPSON,                  )
                                       )
              Plaintiff,         )
                                         )
     vs.                                   )
                                         )
WILLIAM M. GARDNER, JOYCE G. GARDNER,    )
and MAINTECH, INCORPORATED,          )
                                         )
            Defendant.       )

### PROOF OF SERVICE ON JOYCE G. GARDNER

The undersigned hereby certifies that he served the Summons and Plaintiff's Complaint for Damages in the above cause of action on Joyce G. Gardner or about August 17, 2022, by Certified Mail #7021 0350 0000 6467 5200, a copy of which is attached hereto.

Respectfully submitted,

**GOLITKO & DALY, P.C.**

*/s/ Edward R. Reichert*
Edward R. Reichert (#30414-49)
Attorney for the Plaintiff

9450 N. Meridian St., Ste. 250
Indianapolis, IN  46260
317.566.9600 Telephone
317.566.9606 Facsimile
eddie@golitkodaly.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon counsel of record, listed below, via Indiana's e-filing system, this 19th day of October, 2022.

Aaron M. Freeman, Esq.
The Freeman Law Office, LLC
8925 Southeastern Ave.
Indianapolis, IN 46239
Tel. 317-862-7010
Fax 317-862-7011
aaron@aaronfreemanlaw.com
*Counsel for Defendants, William M. Gardner & Joyce G. Gardner*

*/s/ Edward R. Reichert*
Edward R. Reichert, Esq., #30414-49
***Counsel for Plaintiff***

**GOLITKO & DALY, PC**
9450 N. Meridian St., Ste. 250
Indianapolis, IN  46260
317.566.9600 Telephone
317.566.9606 Facsimile
eddie@golitkodaly.com

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joyce G. Gardner
681 Vernon Street
Oakland, CA 94610

9590 9402 7403 2055 4669 85

2. Article Number *(Transfer from service label)*

7021 0350 0000 6467 5200

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

8-17-22

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

US POSTAGE with PITNEY BOWES
$ 008.06⁰
ZIP 46260
02 7H
0001311445
AUG 10 2022

FIRST-CLASS

CERTIFIED MAIL®

7021 0350 0000 6467 5200



GOLITKO&D.
WORK • INJURY • LAI

9450 N. Meridian St., Ste. 250
Indianapolis, IN 46260

Joyce G. Gardner
681 Vernon Street
Oakland, CA 94610

**49D03-2208-CT-027008**

Marion Superior Court 3

Filed: 8/10/2022 9:41 AM
Clerk
Marion County, Indiana

# S U M M O N S
## In the Marion Circuit/Superior Court

BRIAN THOMPSON,                                )
                                                              )
                         Plaintiff,                    )
                                                              )
            vs.                                            )
                                                              )
WILLIAM M. GARDNER, JOYCE G. GARDNER,     )
and MAINTECH, INCORPORATED,         )
                                                              )
                         Defendant.                   )

**TO DEFENDANT:**      **Joyce G. Gardner**
**681 Vernon Street**
**Oakland, CA 94610**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

DATED: _____   8/10/2022          _Myla A. Eldridge_ (Seal)
                                                              Clerk, Circuit Court of Marion County

(The following manner of service of summons is hereby designated.)

____X____      Registered or certified mail. –7021 0350 0000 6467 5200_____
_____      Service on individual - (Personal or copy) at above address.
_____      Service at place of employment, to-wit: _____
_____      Service on agent. (Specify) _____
_____      Other Service. (Specify) _____

**SEAL**
INDIANA

Edward R. Reichert, #30414-49
GOLITKO & DALY, P.C.
9450 N. Meridian St., Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606 Facsimile
*Counsel for Plaintiff*

**SHERIFF'S RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the _____ day of _____, 2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____ _____ .

(2) By leaving a copy, and mailing a copy of the Summons and a copy of the complaint at _____

_____ which is the dwelling place or usual place of abode of _____

and mailing a copy;

(3) Other Service or Remarks:_____

_____

_____         _____

Sheriff's Costs                                          Sheriff

                                    By:          _____

                                                 Deputy

**CERTIFICATE OF MAILING**

I hereby certify that on the _____ day of _____, 2022, I mailed a copy of this Summons and a copy of the complaint to the defendant, Joyce G. Gardner, by certified mail, requesting a return receipt, at the address furnished by the plaintiff.

Dated: _____, 2022

                                                 _____
                                                 Edward R. Reichert, #30414-49
                                                 Attorney for Plaintiff

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant Joyce G. Gardner was accepted by the defendant on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant Joyce G. Gardner was accepted by _____ on behalf of said defendant on the _____ day of _____, 2022.

                                                 _____
                                                 Edward R. Reichert, #30414-49
                                                 Attorney for Plaintiff

**49D03-2208-CT-027008**

Marion Superior Court 3

Filed: 8/10/2022 9:41 AM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR/CIRCUIT COURT |
| | )SS: | CIVIL DIVISION |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

BRIAN THOMPSON,                                )
                                               )
                    Plaintiff,                 )
                                               )
        vs.                                    )
                                               )
WILLIAM M. GARDNER, JOYCE G. GARDNER,          )
and MAINTECH, INCORPORATED,                    )
                                               )
                    Defendant.                 )

## COMPLAINT FOR DAMAGES
## AND JURY DEMAND

Comes now the Plaintiff, Brian Thompson, by counsel, and for his claim for relief against the Defendants William M. Gardner, Joyce G. Gardner, and MainTech, Incorporated, he alleges and states as follows:

1.      At all relevant times herein, Plaintiff, Brian Thompson, was a resident of the State of Indiana and domiciled in the city of Anderson, in the County of Madison.

2.      At all relevant times herein, William M. Gardner and Joyce G. Gardner were residents of the State of California and domiciled in the city of Oakland, in the County of Alameda.

3.      At all relevant times herein MainTech, Incorporated was a New Jersey corporation, registered to conduct business in the State of Indiana with a registered agent located at 135 N. Pennsylvania Street, Suite 1610, Indianapolis, Indiana.

4.      At all relevant times herein William M. Gardner and Joyce G. Gardner owned a property located at 7105 W. Morris Street, Indianapolis, Indiana (hereinafter "7105 W. Morris St.").

5.      At all relevant times herein, William M. Gardner and Joyce G. Gardner leased 7105 W. Morris St. to Federal Express and/or its subsidiaries for business purposes.

6.      At all relevant times herein, William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated were responsible for maintaining the property located at 7105 W. Morris St.

7.      At all relevant times herein, Plaintiff was employed by Federal Express.

8.      On or about September 18, 2020, Plaintiff was injured when his foot became lodged in decking at the property located at 7105 W. Morris St.

9.      The above-described incident was a direct and proximate result of the careless and negligent acts and omissions of the Defendants William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated, including but not limited to:

  a.      Creating a hazardous condition on the property;

  b.      Failing to warn about the hazardous decking on the property;

  c.      Failing to direct traffic away from and around the hazardous decking;

  d.      Failing to repair, remedy or correct the hazardous decking.

10.      At all relevant times herein, William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated knew or should have known that the damaged decking

2

created a hazard to business invitees and it had a duty to warn and protect others from tripping, falling or otherwise being injured on the damaged decking at 7105 W. Morris St. as well as a duty to repair, remedy or correct the hazardous condition of the decking.

11.     As a direct and proximate result of William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated's negligent acts and omissions, Plaintiff, Brian Thompson has suffered severe and permanent injuries; has incurred hospital, medical and prescription expenses; has suffered physical and emotional pain; has missed opportunities to enjoy life; has lost wages; and will continue to incur such losses and damages in the future.

WHEREFORE, Plaintiff, Brian Thompson, by counsel, prays for judgment against the Defendants William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated in an amount that will reasonably compensate him for all the losses and damages he has incurred to date and will incur in the future, for the cost of this action and for all other relief just and proper in the premises.

Respectfully submitted,

**GOLITKO & DALY, PC**

*/s/ Edward R. Reichert*
Edward R. Reichert, #30414-49
9450 N. Meridian Street, Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606 Facsimile
eddie@golitkodaly.com
***Counsel for Plaintiff***

3

## REQUEST FOR JURY TRIAL

Plaintiff, by counsel, pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, request that this case be tried by jury.

Respectfully submitted,

**GOLITKO & DALY, PC**


*/s/ Edward R. Reichert*
Edward R. Reichert, #30414-49
9450 N. Meridian Street, Ste. 250
Indianapolis, IN 46260
317.566.9600 Telephone
317.566.9606  Facsimile
eddie@golitkodaly.com
***Counsel for Plaintiff***

4

STATE OF INDIANA     )  IN THE MARION SUPERIOR COURT
           )SS:  CIVIL DIVISION
COUNTY OF MARION    )  CAUSE NO.  49D03-2208-CT-027008

BRIAN THOMPSON,          )
                )
      Plaintiff,        )
                )
   vs.              )
                )
WILLIAM M. GARDNER, JOYCE G. GARDNER,   )
and MAINTECH, INCORPORATED,      )
                )
      Defendant.       )

**F I L E D**
November 30, 2022
CLERK OF THE COURT
MARION COUNTY
LS

## CASE MANAGEMENT ORDER

    The Parties, each by their respective counsel hereby submit the following proposed

Case Management Order:

1.   **WITNESS/EXHIBITS**    Parties will file and serve preliminary witness and exhibit lists at least thirty (30) days after this CMO is approved by the Court.

                Parties will file and serve final witness and exhibit lists on or before sixty (60) days before trial.

2.   **DISCOVERY**      Counsel agree to complete all discovery thirty (30) days prior to trial. Plaintiffs shall disclose their testifying expert witnesses on or before **November 1, 2023**. Defendant shall disclose their testifying expert witnesses on or before **December 1, 2023**.

3.   **IME**         Counsel agree any and all Independent Medical Examinations (IME) shall be conducted no later than **February 1, 2024**.

4.   **DISPOSITIVE MOTIONS**   Counsel agree to file all dispositive motions on or before **December 1, 2023**

5.   **PRETRIAL MOTIONS**   Counsel agree to file all pretrial motions, excluding Motions in *Limine*, at least thirty (30) days prior to trial. Motions in *Limine*, Proposed Jury Instructions and Proposed Verdict Forms will be filed with the Court at least fourteen (14) days prior to the final pre-trial conference.

6.  **SETTLEMENT STATUS**    Probability of settlement before trial is Fair-Good. Counsel agree to select a mediator within one hundred twenty (120) days from the date of this Order and to complete mediation by **January 1, 2024**.

7.  **TRIAL BY JURY**    Probably number of days required to try by Jury is three days. Case shall be ready for trial by **APRIL 2024**.

Respectfully submitted,

**GOLITKO & DALY, PC**

APPROVED:    /s/ *Edward R. Reichert*
Edward R. Reichert, Esq., #30414-49
***Counsel for Plaintiff***

**THE FREEMAN LAW OFFICE, LLC**

APPROVED:    /s/
Aaron M. Freeman, Esq., #24889-49
***Attorney for Defendants, William M. Gardner and Joyce G. Gardner***

**Jury set** 4-23-2024    **Final PTC set** 4-8-2024 at 1:30 pm
**for 3 days**

**APPROVED AND ORDERED:**

**THIS CASE MANAGEMENT ORDER, HAVING BEEN REVIEWED BY THE COURT IS HEREBY APPROVED AND ORDERED THIS ____ DAY OF _____, 2022. ALL DATES SHALL ROLLOVER WITH ANY CHANGE TO THE SCHEDULED TRIAL DATE.**

Judge, Marion Superior Court 3
November 30, 2022

Distribute to:

Edward R. Reichert, Esq.
GOLITKO & DALY, PC
eddie@golitkodaly.com

Aaron M. Freeman, Esq.
The Freeman Law Office, LLC
aaron@aaronfreemanlaw.com

Filed: 12/29/2022 1:19 PM
Clerk
Marion County, Indiana

STATE OF INDIANA      )      IN THE MARION SUPERIOR COURT 3
                       )SS:    CIVIL DIVISION
COUNTY OF MARION      )      CAUSE NO. 49D03-2208-CT-027008

BRIAN THOMPSON,                  )
                                     )
                 Plaintiff,        )
                                       )
       vs.                            )
                                       )
WILLIAM M. GARDNER, JOYCE G. GARDNER,    )
and MAINTECH, INCORPORATED,        )
                                       )
                 Defendant.      )

## PLAINTIFF'S PRELIMINARY WITNESS & EXHIBIT LISTS

Comes now the Plaintiff, Brian Thompson, by counsel, and pursuant to the Case Management Order, hereby submits his preliminary lists of Witnesses and Exhibits anticipated to testify and/or be admitted into evidence at the time of trial.

## I. WITNESS LIST

1. Brian Thompson (Plaintiff);

2. William M. Gardner (Defendant);

3. Joyce G. Gardner (Defendant);

4. A Representative of Maintech, Incorporated (Defendant);

5. John Nahre, MD
   Concentra
   4125 W. Clara Lane
   Muncie, IN 47304

6. Adam W. Lyon, MD
   Central Indiana Orthopedics, PC
   3600 W. Bethel Ave.
   Muncie, IN 47304

7. Kile J. Carter, MD
   Central Indiana Orthopedics, PC
   3600 W. Bethel Ave.
   Muncie, IN 47304

8.      John M. Hannaford, PA-C
        Concentra
        4125 W. Clara Lane
        Muncie, IN 47304

9.      A representative of FedEx Express (Plaintiff's employer);

10.     Any and all treating physicians, nurses, therapists and medical care
        providers, not previously named herein, of Plaintiff, Brian Thompson, for the
        injuries subject to this cause of action.

11.     Any and all Record Custodians necessary to verify authenticity of business
        records, medical records and/or itemized medical charges incurred by
        Plaintiff, Brian Thompson, for the injuries subject to this cause of action.

12.     Any and all witnesses discovered through additional investigation and/or
        discovery.

13.     Any and all persons identified in depositions taken in this cause of action.

14.     Any and all witnesses identified on Defendant's Witness Lists.

15.     Plaintiff reserves the right to call any and all witnesses necessary for rebuttal
        or impeachment.

## II. EXHIBITS

1.      Any and all medical records, reports, X-rays, MRI films and CT Scans of
        Plaintiff, Brian Thompson.

2.      Any and all medical bills and/or evidence of other expenses incurred by
        Brian Thompson as a result of the injuries relative to this cause of action and
        a compilation of those expenses.

3.      Any and all evidence of lost wages and/or economic benefits.

4.      Plaintiff's tax returns.

5.      Itemization of Special Damages.

6.      Any and all statements of witnesses, recorded and/or written.

7.      Any and all Reports of Injury, Accident Reports and/or Incident Reports
        relative to the subject incident and parties involved.

2

8. Any and all schematics, diagrams or photographic documents that show the area where the incident took place with or without the subject vehicles depicted.

9. Overhead projections, charts, graphs, diagrams, schematics, animations and other such demonstrative evidence that assists Plaintiff, or his witnesses, or both to testify at trial.

10. Models and diagrams of human anatomy, anatomical drawings, anatomical charts, and other such medical demonstrative evidence that assists Plaintiff, or his witnesses, or both to testify at trial.

11. Mechanical drawings and charts and other such demonstrative evidence that assists Plaintiff, or his witnesses, or both to testify at trial.

12. CV for each expert witness listed on either Plaintiff's or Defendant's Witness Lists.

13. All reports prepared by Plaintiff's expert witnesses and supporting exhibits.

14. Any and all Answers to Interrogatories and Responses to Request for Production propounded by either Plaintiff or Defendant.

15. Any and all responses to Non-Party Requests for Production.

16. Any and all depositions, and exhibits thereto, taken during the course of discovery of this cause.

17. Any and all Responses to Requests for Admission, if any.

18. Any and all exhibits identified on Defendant's Exhibit Lists.

19. Plaintiff reserves the right to introduce any and all additional exhibits necessary for the purpose of rebuttal and/or impeachment.

Respectfully submitted,

/s/ Edward R. Reichert
Edward R. Reichert, #30414-49
**Counsel for Plaintiff**

**GOLITKO & DALY, PC**
9450 N. Meridian St., Ste. 250
Indianapolis, IN  46260
317.566.9600 Telephone
317.566.9606 Facsimile
eddie@golitkodaly.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was served upon counsel of record, listed below, via Indiana's e-filing system, this 29th day of December, 2022.

Aaron M. Freeman, Esq.
The Freeman Law Office, LLC
8925 Southeastern Ave.
Indianapolis, IN 46239
aaron@aaronfreemanlaw.com
*Counsel for Defendants, William M. Gardner & Joyce G. Gardner*

*/s/ Edward R. Reichert*
Edward R. Reichert, Esq., #30414-49
***Counsel for Plaintiff***

**GOLITKO & DALY, PC**
9450 N. Meridian St., Ste. 250
Indianapolis, IN  46260
317.566.9600 Telephone
317.566.9606 Facsimile
eddie@golitkodaly.com

4

102466.44

STATE OF INDIANA                          IN MARION SUPERIOR COURT NO. 3

COUNTY OF MARION                          CAUSE NO.: 49D03-2208-CT-27008

BRIAN THOMPSON,

     Plaintiff,

v.

WILLIAM M. GARDNER, JOYCE E.
GARDNER, and MAINTECH,
INCORPORATED,

     Defendants.

## E-FILING APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

1.     The party on whose behalf this form is being filed is:  Responding

The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

**TRIANGLE SERVICES, INC. d/b/a MAINTECH, INCORPORATED**
**Incorrectly sued as Maintech, Incorporated**

2.     Attorney information for service as required by Trial Rule 5(B)(2):

James H. Milstone     Atty. No. #10460-02
KOPKA PINKUS DOLIN PC     Telephone: 317-818-1360
550 Congressional Blvd., Suite 310     Facsimile:  317-818-1390
Carmel, IN 46032     Email:  jhmilstone@kopkalaw.com

**IMPORTANT**:  Each attorney specified on this appearance:

(a)     certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

1

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3. This is a civil tort case type as defined in administrative Rule 8(B)(3)

4. I will accept service by:
Fax at the above noted number:  NO
Email at the above noted address:  YES

5. This case involves child support issues:  NO

6. This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order:  NO

7. This case involves a petition for involuntary commitment:  NO

8. Are there related cases:  NO

9. Additional information required by local rule:  NONE

10. Are there other party members:  NO

11. This form has been served on all other parties and Certificate of Service is attached:  YES

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

By:   */s/ James H. Milstone*
James H. Milstone (#10460-02)
Attorney for Defendant Triangle Services, Inc.
d/b/a Maintech, Incorporated

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of January, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Edward R. Reichert
Golitko & Daly PC
9450 N. Meridian St., Suite 250
Indianapolis, IN  46260

Aaron M. Freeman
The Freeman Law Office LLC
8925 Southeastern Ave.
Indianapolis, IN  46239

*/s/ James H. Milstone*

KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN  46032
Tel:     (317) 818-1360
Fax:     (317) 818-1390
Email: JHMilstone@kopkalaw.com

102466.55

STATE OF INDIANA                        IN MARION SUPERIOR COURT NO. 3

COUNTY OF MARION                        CAUSE NO.: 49D03-2208-CT-27008

BRIAN THOMPSON,

     Plaintiff,

v.

WILLIAM M. GARDNER, JOYCE E.
GARDNER, and MAINTECH,
INCORPORATED,

     Defendants.

### UNOPPOSED MOTION FOR EXTENSION OF TIME

Defendant Triangle Services, Inc. d/b/a Maintech, Incorporated (incorrectly sued as Maintech, Incorporated), by counsel, James H. Milstone of Kopka Pinkus Dolin PC, for its Motion for Extension of Time, states:

1.    Defendant was served with a copy of the complaint and summons.

2.    Defendant and its undersigned counsel require an additional thirty (30) days to properly investigate the allegations in Plaintiff's Complaint, so that an adequate response may be formulated, prepared and filed with the Court by counsel.

3.    This is defendant's first request for an extension of time.

4.    Such enlargement of time shall expire on February 13, 2023.

5.    This Motion is made in good faith and not for the purpose of delay.

6.    Plaintiff's counsel has no objection to this motion.

**WHEREFORE,** Defendant, Triangle Services, Inc. d/b/a Maintech, Incorporated (incorrectly sued as Maintech, Incorporated), respectfully requests an extension of thirty (30) days, to and including February 13, 2023 to answer or otherwise respond to Plaintiff's

1

Complaint, and all other just and proper relief.

Respectfully Submitted,

KOPKA PINKUS DOLIN PC


By:   */s/ James H. Milstone*
           James H. Milstone (#10460-02)
           Attorney for Triangle Services, Inc.


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of January, 2023, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Edward R. Reichert
Golitko & Daly PC
9450 N. Meridian St., Suite 250
Indianapolis, IN  46260

Aaron M. Freeman
The Freeman Law Office LLC
8925 Southeastern Ave.
Indianapolis, IN  46239


                                        */s/ James H. Milstone*


KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN  46032
Tel:    (317) 818-1360
Fax:    (317) 818-1390
Email: JHMilstone@kopkalaw.com

102466.56

STATE OF INDIANA                   IN MARION SUPERIOR COURT NO. 3

COUNTY OF MARION              CAUSE NO.: 49D03-2208-CT-27008

BRIAN THOMPSON,

       Plaintiff,

v.

WILLIAM M. GARDNER, JOYCE E.
GARDNER, and MAINTECH,
INCORPORATED,

       Defendants.

**F I L E D**

January 13, 2023
CLERK OF THE COURT
MARION COUNTY
ND

## ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant Triangle Services, Inc. d/b/a Maintech, Incorporated (incorrectly sued as Maintech, Incorporated), by counsel, files with the Court its Unopposed Motion for Extension of time to Respond to Plaintiff's Complaint.

The Court being duly advised now GRANTS said motion and ORDERS that Defendant shall have to and including February 13, 2023 to file an answer to Plaintiff's Complaint.

SO ORDERED:    **January 13, 2023**

Hon. Gary Miller
Marion Superior Court No. 3

Distribution to parties via IEFS

Filed: 2/10/2023 10:38 AM
Clerk
Marion County, Indiana

102466.45

STATE OF INDIANA                              IN MARION SUPERIOR COURT NO. 3

COUNTY OF MARION                              CAUSE NO.: 49D03-2208-CT-27008

BRIAN THOMPSON,

     Plaintiff,

v.

WILLIAM M. GARDNER, JOYCE E.
GARDNER, and MAINTECH,
INCORPORATED,

     Defendants.

## DEFENDANT MAINTECH, INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Defendant, Triangle Services, Inc., doing business as Maintech, improperly named as "Maintech, Incorporated" (hereinafter referred to as "Triangle", by counsel, James H. Milstone and Kopka Pinkus Dolin PC, and for its answer to Plaintiff's Complaint, states:

1.     At all relevant times herein, Plaintiff, Brian Thompson, was a resident of the State of Indiana and domiciled in the city of Anderson, in the County of Madison.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

2.     At all relevant times herein, William M. Gardner and Joyce G. Gardner were residents of the State of California and domiciled in the city of Oakland, in the County of Alameda.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

1

3.    At all relevant times herein MainTech, Incorporated was a New Jersey corporation, registered to conduct business in the State of Indiana with a registered agent located at 135 N. Pennsylvania Street, Suite 1610, Indianapolis, Indiana.

**ANSWER:  Defendant denies the material allegations in this paragraph.**

4.    At all relevant times herein, William M. Gardner and Joyce G. Gardner owned a property located at 7105 W. Morris Street, Indianapolis, Indiana (hereinafter "7105 W. Morris St.").

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

5.    At all relevant times herein, William M. Gardner and Joyce G. Gardner leased 7105 W. Morris St. to Federal Express and/or its subsidiaries for business purposes.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

6.    At all relevant times herein, William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated were responsible for maintaining the property located at 7105 W. Morris St.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

7.    At all relevant times herein, Plaintiff was employed by Federal Express.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

8.    On or about September 18, 2020, Plaintiff was injured when his foot became lodged in decking at the property located at 7105 W. Morris St.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

9.    The above-described incident was a direct and proximate result of the careless and negligent acts and omissions of the Defendants William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated, including but not limited to:

      a.     Creating a hazardous condition on the property;

      b.     Failing to warn about the hazardous decking on the property;

      c.     Failing to direct traffic away from and around the hazardous decking;

      d.     Failing to repair, remedy or correct the hazardous decking.

**ANSWER:  Defendant denies the material allegations in this paragraph.**

10.    At all relevant times herein, William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated knew or should have known that the damaged decking created a hazard to business invitees and it had a duty to warn and protect others from tripping, falling or otherwise being injured on the damaged decking at 7105 W. Morris St. as well as a duty to repair, remedy or correct the hazardous condition of the decking.

**ANSWER:  Defendant denies the material allegations in this paragraph.**

11.    As a direct and proximate result of William M. Gardner, Joyce G. Gardner, and Maintech, Incorporated's negligent acts and omissions, Plaintiff, Brian Thompson, has suffered severe and permanent injuries; has incurred hospital, medical and prescription expenses; has suffered physical and emotional pain; has missed opportunities to enjoy life; has lost wages; and will continue to incur such losses and damages in the future.

**ANSWER:  Defendant denies the material allegations in this paragraph.**

**<u>AFFIRMATIVE DEFENSES</u>**

Subject to further discovery, Defendant Triangle asserts the following affirmative defenses:

1.     The Complaint may have failed to state a claim upon which relief can be based.

2.     The Plaintiff's claimed injuries may have resulted from Plaintiff's own fault. Defendant Triangle asserts its rights to seek judgment in its favor, or a proportional reduction of the judgment under the Indiana Comparative Fault Act.

3.     The Plaintiff may have failed to exercise due care for his own safety.

4.     The Plaintiff may have failed to mitigate damages.

5.     The Plaintiff may have knowingly and voluntarily assumed and/or incurred the risk of injury to himself.

6.     The sole and proximate cause of the Plaintiff's alleged injuries may have been the acts and omissions of persons or entities other than the Defendant over whom the Defendant had no control and for whom it bears no responsibility.

7.     Defendant may be entitled to a set-off of the amount of collateral source payments received by the Plaintiff, whether received from this Defendant or another party, as against any judgment entered in favor of Plaintiff resulting from the incident sued upon.

8.     The liability of all parties and non-parties, if any, should be apportioned according to their respective degrees of fault pursuant to I.C. 34-20-7-1 and/or 34-20-8-1, and the liability of the Defendant, if any, should be reduced accordingly.  Defendant specifically identifies Federal Express Corporation, 3680 Hacks Cross Road, Memphis, Tennessee, as a non-party in this action for the purpose of fault allocation.

9.      Defendant Triangle had no actual or constructive notice of any defect, and therefore is not responsible.

10.     Plaintiff's claims and injuries may have been caused by an open and obvious danger of which the Defendant had no duty to warn.

11.     Pursuant to Ind. Tr. R. 10(C), the Defendant Triangle adopts by reference all defenses that have been or will be raised by other defendants.

Defendant Triangle reserves the right to raise additional defenses that it becomes aware of through discovery or investigation.

## JURY DEMAND

Comes now Defendant, by counsel, and pursuant to Trial Rule 38 requests that this cause be tried by jury.


Respectfully Submitted,

KOPKA PINKUS DOLIN PC


By: ___*/s/ James H. Milstone*_____
        James H. Milstone (#10460-02)
        Attorney for Triangle Services, Inc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of February, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Edward R. Reichert
Golitko & Daly PC
9450 N. Meridian St., Suite 250
Indianapolis, IN  46260

Aaron M. Freeman
The Freeman Law Office LLC
8925 Southeastern Ave.
Indianapolis, IN  46239

*/s/ James H. Milstone*

KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN  46032
Tel:     (317) 818-1360
Fax:     (317) 818-1390
Email: JHMilstone@kopkalaw.com

6